Mr. Justice Clayton
delivered the opinion of the court.
This is a proceeding for an unlawful detainer, under the statute upon that subject. An objection is taken to the oath which was administered to the jury upon the trial, which we regard as fatal, and which renders it unnecessary to notice any other point.
The statute requires, in such case, that the jury shall be sworn to try, first, whether the defendant holds possession against the consent of the plaintiff; secondly, whether he has so held possession for three years, next before the exhibition of the complaint; and lastly, whether the plaintiff has the right of possession.
*112 In this instance, the first two parts of the oath were administered to the jury, but the last, that is, “ whether the plaintiff has the right of possession,” was wholly omitted. The verdict, it is true, embraces each of the three points, but so much of it as relates to the last, was beyond the limits of the oath administered, and it is not in response to any part of the issue. The statute directs, that the trial shall be had “ without pleadings in writing,” but has prescribed the precise terms of the oath, probably as a substitute for a formal issue in writing.
It has been decided, by this court, that it must appear affirmatively in the record, that the jury was sworn, and the mere recital, that the jury find upon their oaths, is not sufficient. Graham v. Fore, 1 How. 498. It follows, that in this proceeding if the oath is set out, and is not such as the law requires, the verdict cannot stand. We do not undertake to say what would be the effect of a general statement, that the jury was sworn according to law.
The judgment must be reversed, and a new trial awarded.